1  ROBERT J. OUNJIAN, SBN 210213
   robert@cz.law
2  CARPENTER & ZUCKERMAN
   8827 West Olympic Blvd.
3  Beverly Hills, CA 90211
   T: 310-273-1230
4  F: 310-858-1063

5  SETH O'DELL, SBN 220424
   sodell@swansonodell.com
6  SWANSON O'DELL
   330 "H" Street, Suite 2
7  Bakersfield, CA 93304
   T: 661-326-1611
8  F: 661-326-1910

9  Attorneys for Plaintiffs,
   MELISSA TERRILL, ANTHONY JOHNSON and ESTATE
10 OF A.T., Jr.

11 JEREMY J. SCHROEDER – SBN 223118
   JASON W. SCHAFF – SBN 244285
12 HARJEET E. GIDHA – SBN 340372
   **SCHROEDER SCHAFF & LOW,** INC.
13 2205 Plaza Drive, Suite 225
   Rocklin, CA 95765
14 Telephone: (916) 672-6558
   Facsimile:  (916) 672-6602
15
   Attorneys for defendant,
16 BNSF RAILWAY COMPANY

17

18                    UNITED STATES DISTRICT COURT

19                    IN AND FOR THE EASTERN DISTRICT

20                                * * *

21 | MELISSA TERRILL, ANTHONY | **CASE NO. 23-cv-00611-ADA-CDB**
22 | JOHNSON; ESTATE OF A.T, JR, | *Kern Superior Court Case No. BCV-23-100684*
   |                            | *Complaint filed: 3/6/23*
23 |         Plaintiffs,        | *Trial Date: not set*

24 |       vs.                  |

25 | BNSF RAILWAY COMPANY, a Delaware | **STIPULATED PROTECTIVE ORDER FOR**
   | corporation; BURLINGTON NORTHERN | **LITIGATION INVOLVING HIGHLY**
26 | SANTA FE RAILWAY, an entity of   | **SENSITIVE CONFIDENTIAL**
   | unknown form; and, DOES 1-20, inclusive, | **INFORMATION**
27 |       Defendants.          |

28

---

1
STIPULATED PROTECTIVE ORDER

1. <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. The purpose of the protective order is for the parties to it to engage fully in informal discovery and to protect against unrestricted dissemination of confidential materials, particularly but not limited to proprietary and security/documentation that may be disclosed under this agreement. The parties agree that the purpose is to protect sensitive and proprietary information while allowing access to relevant, non-privileged information. Particularly, the parties to this agreement wish to produce informally to one another the BNSF locomotive video, while protecting the confidential and sensitive nature of the recording.

The parties stipulate that the confidential materials exchanged pursuant to this agreement shall not be produced to plaintiffs unless plaintiffs enter into a like confidentiality agreement or stipulated protective order. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 14.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Federal Rule of Civil Procedure 5.2 and 26 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. <u>DEFINITIONS</u>

2.1   <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2     "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3     Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.4     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

2.5     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.7     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9     Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.10    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

STIPULATED PROTECTIVE ORDER

1    2.11    <u>Professional Vendors</u>: persons or entities that provide litigation support
2 services (e.g., photocopying, videotaping, translating, preparing exhibits or
3 demonstrations, and organizing, storing, or retrieving data in any form or medium) and
4 their employees and subcontractors.
5    2.12    <u>Protected Material</u>: any Disclosure or Discovery Material that is designated
6 as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.
7    2.17    <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from
8 a Producing Party.
9 3.    <u>SCOPE</u>
10    The protections conferred by this Stipulation and Order cover not only Protected
11 Material (as defined above), but also (1) any information copied or extracted from
12 Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected
13 Material; and (3) any testimony, conversations, or presentations by Parties or their
14 Counsel that might reveal Protected Material. However, the protections conferred by this
15 Stipulation and Order do not cover the following information: (a) any information that is
16 in the public domain at the time of disclosure to a Receiving Party or becomes part of the
17 public domain after its disclosure to a Receiving Party as a result of publication not
18 involving a violation of this Order, including becoming part of the public record through
19 trial or otherwise; and (b) any information known to the Receiving Party prior to the
20 disclosure or obtained by the Receiving Party after the disclosure from a source who
21 obtained the information lawfully and under no obligation of confidentiality to the
22 Designating Party. Any use of Protected Material at trial shall be governed by a separate
23 agreement or order.
24 4.    <u>DURATION</u>
25    Even after final disposition of this litigation, the confidentiality obligations imposed
26 by this Order shall remain in effect until a Designating Party agrees otherwise in writing
27 or a court order otherwise directs. Final disposition shall be deemed to be the later of (1)
28 dismissal of all claims and defenses in this action, with or without prejudice; and (2) final

judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. <u>DESIGNATING PROTECTED MATERIAL</u>

    5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

    Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

    If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

    5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery

    Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

    Designation in conformity with this Order requires:

1  (a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but
2  excluding transcripts of depositions or other pretrial or trial proceedings), that the
3  Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
4  ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a
5  portion or portions of the material on a page qualifies for protection, the Producing Party
6  also must clearly identify the protected portion(s) (e.g., by making appropriate markings
7  in the margins) and must specify, for each portion, the level of protection being asserted.
8  A Party or Non-Party that makes original documents or materials available for
9  inspection need not designate them for protection until after the inspecting Party has
10 indicated which material it would like copied and produced. During the inspection and
11 before the designation, all of the material made available for inspection shall be deemed
12 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party
13 has identified the documents it wants copied and produced, the Producing Party must
14 determine which documents, or portions thereof, qualify for protection under this Order.
15 Then, before producing the specified documents, the Producing Party must affix the
16 appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'
17 EYES ONLY" If only a portion or portions of the material on a page qualifies for
18 protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by
19 making appropriate markings in the margins) and must specify, for each portion, the level
20 of protection being asserted.
21 (b) for testimony given in deposition or in other pretrial or trial proceedings, that
22 the Designating Party identify on the record, before the close of the deposition, hearing, or
23 other proceeding, all protected testimony and specify the level of protection being asserted.
24 When it is impractical to identify separately each portion of testimony that is entitled to
25 protection and it appears that substantial portions of the testimony may qualify for
26 protection, the Designating Party may invoke on the record (before the deposition,
27 hearing, or other proceeding is concluded) a right to have up to 21 days to identify the
28 specific portions of the testimony as to which protection is sought and to specify the level

1  of protection being asserted. Only those portions of the testimony that are appropriately
2  designated for protection within the 21 days shall be covered by the provisions of this
3  Stipulated Protective Order. Alternatively, a Designating Party may specify, at the
4  deposition or up to 21 days afterwards if that period is properly invoked, that the entire
5  transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
6  ATTORNEYS' EYES ONLY."

7  **Parties shall give the other parties notice if they reasonably expect a**
8  **deposition, hearing or other proceeding to include Protected Material so that**
9  **the other parties can ensure that only authorized individuals who have signed**
10 **the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at**
11 **those proceedings.** **The use of a document as an exhibit at a deposition shall not**
12 **in any way affect its designation as "CONFIDENTIAL" or "HIGHLY**
13 **CONFIDENTIAL – ATTORNEYS' EYES ONLY."**

14 **Transcripts containing Protected Material shall have an obvious legend on**
15 **the title page that the transcript contains Protected Material, and the title page**
16 **shall be followed by a list of all pages (including line numbers as appropriate)**
17 **that have been designated as Protected Material and the level of protection**
18 **being asserted by the Designating Party. The Designating Party shall inform the**
19 **court reporter of these requirements. Any transcript that is prepared before the**
20 **expiration of a 21-day period for designation shall be treated during that period**
21 **as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES**
22 **ONLY" in its entirety unless otherwise agreed. After the expiration of that**
23 **period, the transcript shall be treated only as actually designated.**

24  (c) for information produced in some form other than documentary and for any other
25  tangible items, that the Producing Party affix in a prominent place on the exterior of the
26  container or containers in which the information or item is stored the legend
27  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". If only
28  a portion or portions of the information or item warrant protection, the Producing Party,

to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality pursuant to Federal Rule of Civil Procedure 26 within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.      ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles. The parties agree to be governed by the following production procedures:

    a.     Confidential materials will be available to counsel of record and that counsel's support staff.

  b. Confidential materials will be available to the parties' retained expert witnesses and consultants to the extent such materials are necessary to prepare for trial in this case.

  c. Counsel making disclosure to experts and staff of proprietary or confidential information pursuant to the terms of this stipulation for protective order shall require such recipients to agree to comply with, and abide by, its terms. Confidential material will not be disclosed, nor their contents divulged, to any person or entity except as permitted herein, nor will they otherwise be publicly disseminated.

  d. Protected materials will not be filed with the Court except under seal.

  e. All information contained in protected materials shall be used solely in connection with this litigation and for no other purpose.

  f. At the conclusion of this action, all protected materials including copies or reproductions thereof shall be returned to the producing party, destroyed, or stored in such a manner so as to protect its confidentiality.

  g. Any restriction for using proprietary materials as exhibits to depositions or exhibits at trial will be based on the parties' concurrences that such exposure of sensitive information is more harmful to trade competition and/or national and local security measures than it is probative.

  h. Any disputes between counsel concerning the interpretation or application of this stipulation may be presented to the Court for resolution by motion.

  i. The parties reserve the right to request appropriate modifications of the stipulation.

///

///

///

8. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9. **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).[1] This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

10. **MISCELLANEOUS**

10.1  Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

10.2  Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing

---

11
STIPULATED PROTECTIVE ORDER

or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

11. <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: August 15, 2023

SWANSON O'DELL

By ___/s/_____
   SETH O'DELL
   Attorneys for Plaintiffs

| | |
|---|---|
| 1  DATED: August 15, 2023 | **SCHROEDER SCHAFF & LOW, INC.** |
| 3 | By ___/s/_____<br>JASON W. SCHAFF<br>HARJEET E. GIDHA<br>Attorneys for Defendant,<br>BNSF RAILWAY COMPANY |

IT IS SO ORDERED.

Dated: __**August 15, 2023**__        _____

                                                                            UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on _____ [date] in the case of *Melissa Terrill, et al. v. BNSF Railway Company, et al.* **Case No. 23-cv-00611-ADA-CDB**. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

        [printed name]

Signature: _____

        [signature]