UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA TERRILL, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>BNSF RAILWAY COMPANY,<br><br>    Defendant. | Case No. 1:23-cv-00611-CDB<br><br>ORDER ON STIPULATION AMENDING CASE MANAGEMENT DATES <u>AS MODIFIED</u><br><br>(Doc. 28) |

    Plaintiffs are the successors in interest of Anthony Terrill, Jr., who was struck by a train at or near Bakersfield, California, and ultimately died of his injuries. Plaintiffs initiated this action with the filing of a complaint against Defendant BNSF Railway Company and another in state court. Defendant removed the action to this Court on April 19, 2023. (Doc. 1). On October 6, 2023, the Court entered the operative scheduling order setting forth all discovery, motion, and trial dates. (Doc. 26).

    Pending before the Court is the parties' stipulated request to amend the scheduling order, filed April 15, 2024. (Doc. 28). The stipulated request sets out that the parties have diligently conducted discovery, but as a result of delays outside of counsel's control, there remains outstanding discovery which must be conducted and will have significant impact on the case and their settlement efforts. *Id.* Specifically, counsel for the parties attest there was a delay in

obtaining and producing relevant video(s) which captured the subject incident. Due to the proprietary nature of the software used to record the videos, Plaintiffs' counsel was required to obtain a license to install specific software to view the video. *Id*. Moreover, the parties aver that there is a technical issue for a portion of one or more videos that the parties presently are seeking to remedy. The parties also aver that Plaintiffs experienced a delay in producing certain discovery responses and that they have agreed to extend time for Plaintiffs to comply with their discovery obligations. *Id*. at 5. Counsel for the parties attest that these delays impact their ability to adequately complete nonexpert discovery and have delayed their ability to prepare for undertaking expert discovery.

As a result of these delays, the parties request a six-month continuance of all remaining case management dates. The Court finds good cause to grant the relief requested based on counsel for the parties' attestations.

**Conclusion and Order**

For the forgoing reasons and for good cause appearing, the scheduling order (Doc. 25) is modified to the extent of establishing new deadlines as follows:

1. Nonexpert Discovery deadline is extended from May 13, 2024, to **November 13, 2024**.
2. Expert Disclosures are extended from May 27, 2024, to **November 27, 2024**.
3. Rebuttal Expert Disclosures are extended from June 25, 2024, to **December 30, 2024**.
4. Expert Discovery deadline is extended from July 24, 2024, to **January 24, 2025**.
5. Non-Dispositive Motion filing deadline is extended from August 8, 2024, to **February 10, 2024**.
6. Non-Dispositive Motion hearing deadline is extended from September 12, 2024, to **March 12, 2025**.
7. Dispositive Motion filing deadline is extended from October 10, 2024, to **April 10, 2025**.
8. Dispositive Motion hearing deadline is extended from November 21, 2024, to **May 21, 2025**.
9. The Pre-Trial Conference is continued from January 7, 2025, to **July 25, 2025**.

10. Trial is continued from March 3, 2025, to **September 23, 2025**.

IT IS SO ORDERED.

Dated:   **April 18, 2024**                                   _____
                                                             UNITED STATES MAGISTRATE JUDGE